The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on the approval of certain forms prepared by your office. Specifically, you indicate that the Secretary of State is required to provide various forms involving a number of subjects including campaign contribution reports, political practice pledges, etc. You also note that some of these forms must be approved as to content by entities other than your office. All forms now in use have been approved as required. Your specific questions with regard to these facts are as follows:
 1. When the General Assembly has met and made no substantive changes in the content of these forms, should this office seek re-approval of these forms?
 2. If the answer to question 1 is yes, should this reapproval be sought yearly, biennially, or utilize some other increment of time?
 3. If the entity that approves these forms has suggested changes but there was not any legislation enacted subsequent to the initial approval of the forms for these changes, does this office have to incorporate these changes on the previously approved forms?
A computer search of the Arkansas Code reveals that the only entity authorized to "approve" forms prepared by the Secretary of State is the Arkansas Ethics Commission. See A.C.A. §§7-6-217(h)(6) (Cum. Supp. 1991) and 21-8-606(1) (Cum. Supp. 1991). These statutes state only that the Commission has the authority to "approve forms prepared by the Secretary of State," and that the Secretary of State shall "provide forms approved by the . . . Commission."
In response to your first question, therefore, it is my opinion that there is no statutory requirement that your office seek periodic "re-approval" of the forms. The statutes simply do not require your office to take any such action. An answer to your second question is therefore unnecessary.
Your third question, however, focuses not on the obligation of your office to initiate reapproval, but on the authority of the Commission to require sua sponte reapproval of the forms. Although, again, the extent of the Commission's authority in this regard is not spelled out by the statutes, this Commission is the agency with the ultimate approval authority over the forms. This office has previously opined that the Commission's ". . . authority in this regard is therefore paramount to the judgment of any other executive official, including the judgment of [the Secretary of State] as well as the judgment of the Attorney General." Op. Att'y Gen. 91-408 at 2. It is my opinion, therefore, that the Ethics Commission does have the authority to require sua sponte modification of previously approved forms. An analogous conclusion was reached in Physicians MutualInsurance Co. v. Denenberg, 15 Pa. Coml. 509, 327 A.2d 415
(1974), wherein it was stated:
 The Legislature clearly intended the Commissioner to have the power to disapprove, with cause, a form which had been approved previously. It is unlikely that the Legislature would tie the hands of the Commissioner so as to prohibit his later disapproval of forms when circumstances change, or where in his judgment approval of the original was improvidently given.
327 A.2d at 417.
It is my opinion, similarly, that the Ethics Commission is invested with such authority as well.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh